UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CODY VALJALO, an individual; and DYLON VALJALO, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>AUSTIN TAYLOR, an individual; and CLU LLC, a Florida limited liability company,<br><br>    Defendants. | No. 2:23-cv-02390 WBS AC<br><br>ORDER |

----oo0oo----

The matter was referred to the undersigned pursuant to Local Rule 302(c)(19).

On June 17, 2024, the Magistrate Judge filed revised findings and recommendations herein which were served on plaintiffs and which contained notice to plaintiffs that any objections to the findings and recommendations were to be filed within twenty-one days. (Docket No. 20.) Plaintiffs have filed objections to the findings and recommendations. (Docket No. 21.)

1

        The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's analysis.  The court OVERRULES plaintiffs' objection to the Magistrate Judge's recommendation that the court decline to award punitive damages.

        In their objections (Docket No. 21), plaintiffs argue that they would not be made whole with the recommended award of compensatory damages because it does not account for the present value of the cryptocurrency they paid to defendants and does not account for the attorney's fees they have expended in this case.  However, plaintiffs do not object to the Magistrate Judge's calculation of compensatory damages (<u>see</u> Docket No. 21 at 6), and the court sees no error in this calculation.  Plaintiffs also did not move for attorney's fees and provide no authority showing that they are entitled to attorney's fees in this case.

        Plaintiffs also have a mistaken impression of the circumstances under which punitive damages are available under California law.  It is the purpose of compensatory damages, not punitive damages, to make plaintiffs whole for their losses.  California Civil Code § 3281 provides that compensatory damages are recoverable for "[e]very person who suffers detriment from the unlawful act or omission of another."  In contrast, punitive damages are awarded "in addition to the actual damages, . . . for the sake of example and by way of punishing the defendant."  Cal Civ. Code § 3294(a).  Thus, plaintiffs' claim that the recommended compensatory damages award would not fully compensate them for their losses has no bearing on whether punitive damages are appropriate.

The court also agrees with the Magistrate Judge's analysis with respect to her determination that punitive damages should not be awarded here.  As noted by the Magistrate Judge, "punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases."  (Docket No. 20 at 14 (quoting Directi Internet Sols. Pvt. Ltd. v. Dhillon, No. 2:12-cv-1045 WBS DAD, 2013 WL 460319, at *6, n.7 (E.D. Cal. Feb. 5, 2013) (citing Henderson v. Sec. Pac. Nat'l Bank, 72 Cal. App. 3d 764, 771 (1st Dist. 1977))).)  Because there is no evidence of defendant's financial condition[1] and it does not appear that punitive damages are necessary to deter defendants from engaging in similar conduct in the future, plaintiffs have not shown by clear and convincing evidence that an award of punitive damages is appropriate.  See, e.g., Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc., 727 F.2d 1470, 1473 (9th Cir. 1984).

---

[1] Plaintiffs contend that they need not provide evidence of defendants' financial situation, citing cases excusing the failure to provide such evidence based on the principle that plaintiffs should not be disadvantaged on the account of lack of proof where defendants did not respond to discovery requests.  (Docket No. 21 at 9-10 (citing Mike Davidov Co. v. Issod, 78 Cal. App. 4th 597, 608 (2d Dist. 2000); Garcia v. Myllyla, 40 Cal. App. 5th 990, 995 (2d Dist. 2019); Morgan v. Davidson, 29 Cal. App. 5th 540, 551 (4th Dist. 2018)).)  However, those cases all appear to involve trials or evidentiary hearings where defendants participated but had refused to respond to discovery requests regarding their financial condition and/or refused to produce such evidence.  Plaintiffs cite no case where a court has awarded punitive damages against a party in default who has not appeared in the case, and even if there were such precedent, this court would not be inclined to award punitive damages in this case without some evidence as to defendant's financial condition.

Accordingly, IT IS HEREBY ORDERED that:

1. The revised findings and recommendations filed June 17, 2024 (Docket No. 20), are adopted in full;

2. Plaintiffs' objections are overruled; and

3. Plaintiffs' motion for default judgment (Docket No. 15) is GRANTED. Plaintiffs are awarded $450,242.91 ($403,897 in contract damages plus $46,527.00 in royalties); and

4. This case is CLOSED.

Dated: September 16, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE